```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**ARTHUR BALLINGER IV,**

      **Plaintiff,**

**v.**                                                **CIVIL ACTION NO. 2:09-0414**

**DR. DAGHER and**
**DR. GAJENDRAGAAKAR,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

     Before the court is the 42 U.S.C. § 1983 Complaint of plaintiff, an inmate at Mount Olive Correctional Complex ("MOCC"). (Doc. No. 2.) By Standing Order entered August 1, 2006, and filed in this matter on May 1, 2009, this action was referred to Magistrate Judge Mary E. Stanley pursuant to 28 U.S.C. § 636 for her recommendation as to disposition.

     On December 11, 2009, Magistrate Judge Stanley submitted her Proposed Findings and Recommendation ("PF & R"), in which she construed plaintiff's Complaint as one attempting to allege an Eighth Amendment claim of deliberate indifference to plaintiff's medical needs. (Doc. No. 26.) The magistrate judge concluded that plaintiff's Complaint does not support an Eighth Amendment deliberate indifference claim against Drs. Gajendraakar and Dagher, and that it should be dismissed for failure to state a claim upon which relief can be granted. (Id. at 3-7.) In accordance with the provisions of 28 U.S.C. § 636(b), the

parties were allotted fourteen days, plus three mailing days, in which to file any objections to the PF & R. Plaintiff submitted timely objections on December 18, 2009 (Doc. No. 27), of which the court has conducted a *de novo* review. See Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).

### 1. Objection to Denial of Appointed Counsel

Plaintiff first objects to the magistrate judge's denial of his motion for appointment of counsel, arguing that his *pro se* status puts him at a disadvantage compared to defendants, and that he would have been able to prove his case if he had been appointed counsel. (Doc. No. 27 at 1-3.) In a November 6, 2009, order, Magistrate Judge Stanley determined that plaintiff has the capacity to present his claims and that his case is not complex. (Doc. No. 25 at 3.) She therefore denied his motion without prejudice, noting that the issue could be revisited in the event of a jury trial or evidentiary hearing. (Id.)

The magistrate judge correctly applied 28 U.S.C. § 1915(e), which allows the court the discretion to request an attorney to represent any person who is unable to afford counsel. 28 U.S.C. § 1915(e)(1). Only where a plaintiff's case presents "exceptional circumstances" will the denial of a request for appointment of counsel be deemed an abuse of discretion. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984)(citing Cook

v. Bounds, 518 F.2d 779 (4th Cir. 1975)).  In evaluating the circumstances of the case, the court should consider the type and complexity of the case as well as the abilities of the plaintiff. Whisenant, 739 F.2d at 163 (citing Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982)).  "If it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him."  Whisenant, 739 F.2d at 163 (quoting Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)).

The record in this case indicates that plaintiff is able to articulate his arguments sufficiently and to follow basic legal procedures.  Because the claims he raises are routine and not complex, the court finds no error in the magistrate judge's denial of appointed counsel.

## 2. Objection to Conclusion that Allegations Do Not Amount to Deliberate Indifference

Plaintiff also objects to the magistrate judge's conclusion that his allegations do not support a claim of deliberate indifference on the part of the defendants.  He contends that the doctors are aware of his serious medical condition, and that their refusal to treat it amounts to negligence and incompetence. (Doc. No. 27 at 2.)

As the magistrate judge correctly explained, an inmate alleging an Eighth Amendment violation based on inadequate medical care must show that a prison official subjectively "knows

of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

It is not enough under this standard that the inmate was the victim of negligence or even medical malpractice, and "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Importantly, the right to treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical *necessity* and not simply that which may be considered merely *desirable*." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977)(emphasis added).

Under these rigorous standards, plaintiff's allegations of negligence and incompetence simply do not support a claim of constitutional dimension. Because prison officials may take into consideration the cost and time inherent in a particular treatment, the defendants are not deliberately indifferent in denying, for practical reasons, a treatment which is not imminently necessary. Plaintiff's objections on this point are therefore overruled.

### 3. <u>Objection to Reliability of Medical Records</u>

Plaintiff contends that the medical staff at MOCC are grossly incompetent, as evidenced by their one-time misstatement of his birth year in a medical report. (Doc. No. 27 at 2-3.) He further argues that the treatment notes the doctors made in plaintiff's medical records were calculated by the defendants to protect themselves from future litigation, and should be disregarded in making the deliberate indifference analysis. (<u>Id.</u> at 3.)

Even if a typographical error – the reporting of plaintiff's birth year as four years earlier than his actual date of birth – were sufficient to establish medical malpractice, mere incompetence does not rise to the level of a constitutional violation. To the extent plaintiff objects to the magistrate judge's consideration of the doctors' notes in plaintiff's medical reports, the court observes that the substance of the doctors' notes was set forth in plaintiff's own account of his treatment. As such, the court could reach the same conclusion on the basis of plaintiff's allegations, alone.

### Conclusion

For the foregoing reasons, plaintiff's objections to the magistrate judge's PF & R are **OVERRULED**. (Doc. No. 27.) The court **CONFIRMS** and **ACCEPTS** the PF & R (Doc. No. 26) to the extent it concludes that plaintiff's Complaint fails to state valid

Eighth Amendment deliberate indifference claims against defendants, and **GRANTS** the pending motions to dismiss (Doc. Nos. 8, 9) on that basis.[*]  In a Judgment Order entered of even date, the court dismisses plaintiff's Complaint with prejudice.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

It is **SO ORDERED** this 30th day of March, 2010.

ENTER:

David A. Faber
Senior United States District Judge

---

[*] Because the court concludes that plaintiff's allegations do not state a claim of deliberate indifference, it finds it unnecessary to address defendants' argument under the West Virginia Medical Professional Liability Act.